RICHARD WALTER QUINN and PATRICIA LUCY QUINN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Quinn v. Commissioner
Docket No. 14733-81.
United States Tax Court
T.C. Memo 1983-128; 1983 Tax Ct. Memo LEXIS 661; 45 T.C.M. (CCH) 954; T.C.M. (RIA) 83128; March 10, 1983. Richard Walter Quinn, pro se. Frank W. Louis, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: The question to be decided in this case is whether petitioner Richard Walter Quinn is entitled to include wages paid to his father and to his minor daughter in computing the new jobs credit under section 44B. [1] Some of the facts have been stipulated and are found accordingly. Petitioners are individuals who resided in Bloomfield, Connecticut, at the time the petition was filed in this case. Petitioners timely filed joint income tax returns for the taxable years 1975 and 1976. In a notice of deficiency dated April 21, 1981, respondent determined deficiencies in income tax of $1,841.75 for the year 1975 and $599.98 for the year 1976. The said determination was based upon disallowance of carry-back of the new jobs credit claimed by petitioners *663 for the year 1978. During the taxable years 1975, 1976, and 1978, Richard Walter Quinn (petitioner) was self-employed as an architect. Among the employees of his architectural firm during 1978 were his daughter, Heather Quinn, who was under the age of 21 during 1978, and his father, Quentin Quinn. During 1978 petitioner paid the sum of $1,750 to Heather Quinn and $3,900 to Quentin Quinn, which sums were paid as compensation for services performed by those persons for the architectural firm. Petitioner reported those sums as unemployment insurance wages and paid unemployment insurance and Social Security taxes on those sums. Heather Quinn and Quentin Quinn were bona fide employees of petitioner, and he did not hire them for the purpose of obtaining a new jobs credit. Petitioner was unaware of the availability of the new jobs credit at the time that he hired his daughter and his father. Respondent's disallowance of the new jobs credit insofar as it is based upon compensation paid to the daughter and father of petitioner does not involve any factual dispute but is based upon application of the pertinent statutory provisions. Section 44B provides that "there shall be allowed, *664 as a credit against the tax imposed by this chapter, the amount determined under subpart D of this part." That amount for 1978 was specified by section 51(a)(2) in effect during that year as "an amount equal to 50 percent of the excess of the aggregate unemployment insurance wages paid during 1978 over 102 percent of the aggregate unemployment insurance wages paid during 1977." Section 51(f)(1) then provided (and now provides in section 51(c)(1)) that the term "unemployment insurance wages" has the meaning given to the term "wages" by section 3306(b), with an exception not here material. Section 3306(b) provides that "the term 'wages' means all remuneration for employment" with certain exceptions not here material. Section 3306(c) defines "employment" in terms of service performed by an employee for the person employing him, except: (5) service performed by an individual in the employ of his son, daughter, or spouse, and service performed by a child under the age of 21 in the employ of his father or mother; Petitioner contends that (1) section 3306(c) provides an elective exemption from unemployment tax, which petitioner declined to elect when he paid unemployment insurance *665 taxes on compensation paid to his daughter and father; and (2) the exception in section 3306(c)(5) is discriminatory because it would not apply to him if he did business in corporate form. Although petitioner's arguments were clearly and eloquently presented at trial, they cannot overcome the express provisions of the statute and do not raise a discrimination question of constitutional merit. The exclusion of compensation paid to close relatives of an individual from coverage of the unemployment tax laws is not an "exemption" but constitutes a disqualification of certain persons from the protection of those laws. The unemployment tax provisions were adopted as part of a program of social legislation that provided unemployment benefits to workers dependent for their livelihood upon being employed by others. Those statutes excluded from coverage persons who were in business for themselves. ; ; (E.D. Ohio, 1944). Apparently Congress *666 also utilized this dependency rationale to exclude from coverage close family members, such as minor children, spouses, and parents, of an individual operating his own business. Possibly Congress was concerned that providing benefit coverage to such family members would encourage employers to put them on the payroll regardless of whether or not they were actually performing services for the business. In any event, the exclusion is not dependent upon the bona fides of the employment but is absolute, thus avoiding the necessity of fact finding on a case-by-case basis. Erroneous payment of the unemployment tax in this case, therefore, cannot be deemed an election to include petitioner's family members in the coverage of the acts providing benefits for unemployment. We are, of course, bound by the express definitions incorporated into section 44B by section 51(f)(1); the rationale of the exclusions would lead to the same result, however, even if there were an ambiguity to be resolved. It is unlikely that Congress would want to extend tax credits to taxpayers in situations where the credit could be increased by putting relatives on the payroll without a determination of whether services *667 were in fact performed or the compensation paid for such services was reasonable.As we have found above, that was not petitioner's intention in this case. But administration of the rules would become a practical impossibility if such subjective standards were made a part of them. This inferred intention of Congress is confirmed by limitations expressly adopted when certain job credits were extended by the Economic Recovery Tax Act of 1981, Pub. L. 97-34, sec. 261(d), 95 Stat. 262. That legislation specifically provided that wages of certain related individuals would not be taken into account in determining the amount of the credit. Although it may not be any comfort to petitioners in this case, the 1981 legislation expressly excludes from compensation eligible for credit that paid to related individuals, including persons employed by a corporation, an estate or a trust, if the close relationship exists between the employee and an individual owning more than 50 percent of the stock of the corporation or who is a grantor, beneficiary, or fiduciary of the estate or trust. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩